## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

LORETTA THOMPSON                                                              PLAINTIFF

v.                                    No. 4:08CV04198 JLH

CENTURYTEL OF CENTRAL ARKANSAS, LLC                        DEFENDANT

## OPINION AND ORDER

Loretta Thompson was discharged by her employer, CenturyTel of Central Arkansas, LLC ("CenturyTel"), because of absenteeism. Thompson contends that CenturyTel's actions violated the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*., and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* CenturyTel has moved for summary judgment. Also, Thompson has filed a motion for partial summary judgment on her FMLA claims. For the reasons stated below, CenturyTel's motion for summary judgment is granted. Thompson's motion for partial summary judgment is denied.

## I.

A court should enter summary judgment if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Cheshewalla v. Rand & Son Constr. Co.*, 415 F.3d 847, 850 (8th Cir. 2005). The party moving for summary judgment bears the initial responsibility of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). If the moving party carries its burden, the nonmoving party must "come forward with 'specific facts

showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475

U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1985) (quoting Fed. R. Civ. P. 56(e))

(emphasis in original).  A genuine issue for trial exists only if there is sufficient evidence to allow

a jury to return a verdict for the nonmoving party.  *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511.

When a nonmoving party cannot make an adequate showing on a necessary element of the case on

which that party bears the burden of proof, the moving party is entitled to judgment as a matter of

law.  *Celotex*, 477 U.S. at 322, 106 S. Ct. at 2552.

## II.

Thompson began working for CenturyTel in 2003 as an assistant manager at the retail store

in Cabot, Arkansas.  While at the Cabot store, Thompson claims that she worked through some lunch

breaks without being paid for her time.  In October 2005, Thompson transferred to CenturyTel's

retail store in Jacksonville, Arkansas.  Thompson always got a lunch break when she worked in the

Jacksonville store, and she does not claim that she worked any time in the Jacksonville store for

which she was not compensated.  In February 2006, Thompson became a facility assigner in the

Programming Department in CenturyTel's main office in Jacksonville.

At the time she was hired and again on June 27, 2005, Thompson received a copy of the

CenturyTel Employee Handbook.  The Handbook includes the following call-in policy:

> Absences must be scheduled in advance with an employee's supervisor.  Employees
> must inform their supervisor within 30 minutes from the start of the workday that the
> employee will be late, absent due to illness, or required to be away from work due to
> an emergency.  Unless otherwise directed by the supervisor, employees must call the
> supervisor each day during a period of absence.
>
> An employee who fails to provide proper and timely notification for three
> consecutive workdays or three workdays in a 12-month period will be deemed to
> have voluntarily terminated their employment with the Company unless, in our

opinion, the failure(s) to notify or late notification(s) was clearly beyond their control.

When she worked as a facility assigner for CenturyTel, Thompson also received written policies from her supervisor, Carolyn Wilson, at the beginning of each year that applied specifically to the Programming Department. The departmental policies stated, in pertinent part:

> **Item 4: Reporting Out/Notice of Late Arrival**–Call my office number. If you cannot speak to me personally, leave me a voice mail message. The outcall notification will page my cell phone, and I will retrieve the message. If I am out of the office, my voice mail will direct you to also notify the in-charge or another supervisor. This is in addition to leaving me a message.

Wilson also instructed her employees to call in once a week rather than every day that they were absent if they had already been approved for FMLA leave.

In July and August 2006, Thompson missed four weeks of work for FMLA leave. Thompson alleges that she called Wilson at least once to tell her that she could not come to work. When Thompson returned to work, Wilson gave her a verbal warning for failing to adhere to the call-in policy. Wilson also told Thompson that she could call in weekly instead of daily while on FMLA leave. Thompson claims that this was the first time she heard about Wilson's departmental policy permitting weekly rather than daily call-ins during FMLA leave. As a result of their conversation, Thompson believed she could call Wilson once a week rather than every day if she was absent and intended to apply for FMLA leave, even if her leave request had not yet been approved.

On April 30, 2007, Thompson did not report to work. Thompson says she was not aware that she had been scheduled to work that day. After Wilson called her at her home, Thompson reported to work three hours late.

On November 12, 2007, Thompson saw Dr. Devon Ballard for hypertension, estrogen

deficiency, and a cyst.  She also was diagnosed with emphysema.  On November 16, 2007, Thompson called in sick and told Wilson that her physician had taken her off work until November 21, 2007.  She did not call or report to work on her next three scheduled shifts: November 17, November 20, or November 21.  According to Thompson, she did not call Wilson every day while she was sick because she was planning to apply for FMLA leave.  Wilson reached Thompson on her cell phone on November 21, and Thompson told Wilson that her grandmother had just passed away. Wilson advised Thompson that she would be given funeral leave for her next two scheduled shifts. On November 23, 2007, Dr. Ballard completed a Health Care Provider Certification form on Thompson's behalf.  Thompson's request for FMLA leave was approved on December 21, 2007.

Thompson received a written warning regarding her failure to call Wilson on November 17, November 20, and November 21.  The warning stated:

> Loretta, this memorandum addresses the issue regarding your failure to comply with reporting requirements and proper attendance.  The Company's "Attendance" policy found on page 8 of your employee handbook that states, "Unless otherwise directed by the supervisor, employees must call the supervisor each day during a period of absence."  During your leave from November 16 through November 26, 2007, you should have reported absences to your supervisor daily, yet you failed to do so.[1] During your absence, you only called in one day.  Although not required to do so, I attempted to call you at your residence, and then made a second call and left a message[] for you to return the call.  You did not return my call.
>
> Call in procedures are in place so that supervisors and managers are kept abreast of the on-going need for absence as well as affording the opportunity to properly plan for the employees return.  Your failure to follow the call in procedure listed in your employee handbook and your failure to return our phone calls created additional work for us, as we had to make multiple attempts to reach you and it also made it difficult for us to schedule the holiday coverage required by the company.

---

[1] During this period, there were three days where Thompson did not call in: November 17, 20, and 21.  When Wilson contacted Thompson on November 21, she relieved Thompson of her obligation to call in daily through Saturday, November 24.  Thompson was not scheduled to work on November 25 or 26, so she was not obligated to call in on those days.

4

Additionally, as stated in The Employee Handbook, "Regular and prompt attendance of scheduled hours of work is expected. Employees must report to work on time and be in attendance on a regular basis to fulfill the requirements of employment at CenturyTel." In accordance with the expectations of the attendance policy outlined above and in accordance with the dependability guidelines enacted at the beginning of 2007, you are being issued a written warning as a result of an accumulated total of 44 hours of absenteeism.

In the future, you will be expected to be in regular attendance according to your scheduled shift. You will also be expected to be prompt in returning from scheduled breaks and lunch periods. Failure to meet these expectations will lead to further discipline, up to and including termination.

Also, going forward you are expected to follow Company policies and procedures. If you need clarification or an explanation of any policy or procedure, you are expected to ask. Failure to do so could lead to further disciplinary action up to and including termination.

After receiving this written warning, Thompson understood that she was obligated to call in daily while she was absent from work until her request for FMLA leave was officially approved, and once each week thereafter.

Thompson called Wilson on January 29, 2008, and left a voice mail stating that she was sick. Thompson reported to work the next day but left in the morning for an appointment with Dr. Ballard for low back pain, bronchitis, and the flu. Later that day, Thompson left Wilson a voice mail message stating that she was sick and would not be able to return to work until February 5, 2008. On January 31, 2008, Thompson called the Programming Department's general number and spoke with a co-worker, Stacy Maxwell. Maxwell said that Wilson was not in her office and offered to transfer Thompson to Wilson's voice mail. Thompson said she did not want to be transferred and that she would call Wilson back later. Thompson did not call Wilson back or leave her a message on January 31, although she was scheduled to work that day. Thompson did not call Wilson or leave her a message on February 1 or February 2, either, although she was scheduled to work both days.

Thompson testified that she had been prescribed drugs that "knocked her out," and she slept all day on February 1, 2008.  Thompson also testified that she would not have attempted to call Wilson on Saturday, February 2, because Wilson was not in the office.

On January 31, 2008, Wilson notified Gale Beaty, a human resources manager, of the call-in policy violations.  Beaty reviewed Thompson's file and on February 1 recommended to her supervisor, Kathy Flynn, that Thompson's employment be terminated "for failing to call in three (3) days in twelve (12) months."  Specifically, Thompson failed to call Wilson on January 31 and February 1–two months after receiving a written warning on the issue.  After reviewing the information provided to her, Flynn agreed with Beaty's recommendation and sought authorization from Joseph Osa, Vice President of Labor and Employee Relations, to terminate Wilson's employment.  Thompson missed work again on February 2 and did not call Wilson.  On February 5, 2008, after obtaining Osa's approval, Beaty and Wilson met with Thompson and told her that she was being terminated because she did not call Wilson each day of her absence.  Beaty provided Thompson a letter that explained that Thompson had violated the call-in procedure seven times within the last twelve months, and under the policy, three such violations within a twelve-month period constituted a voluntary resignation.

On February 27, 2008, Dr. Ballard filled out a Health Care Provider's Certification, certifying that Thompson had a serious health condition under the FMLA and needed to be off work from January 29 through February 4, 2008.  At that time, however, Thompson no longer worked at CenturyTel.

## III.

### A.    Family Medical Leave Act

First, Thompson contends that CenturyTel interfered with her right under the FMLA to take medical leave.  Under the interference theory, an employee can recover if she was denied substantive rights under the FMLA for a reason connected with her FMLA leave.  *Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1050 (8th Cir. 2006); *Bones v. Honeywell Intern., Inc.*, 366 F.3d 869, 877 (10th Cir. 2004).  "[E]very discharge of an employee while she is taking FMLA leave interferes with an employee's FMLA rights."  *See Bacon v. Hennepin County Med. Ctr.*, 550 F.3d 711, 715 (8th Cir. 2008) (citing *Throneberry v. McGehee Desha County Hosp.*, 403 F.3d 972, 980 (8th Cir. 2005)).  That said, "an employer who interferes with an employee's FMLA rights will not be liable if the employer can prove it would have made the same decision had the employee not exercised the employee's FMLA rights."  *Id.* (citing *Throneberry*, 403 F.3d at 977).

CenturyTel contends that it would have reached the same decision to terminate Thompson's employment even if she had not taken FMLA leave because Thompson violated CenturyTel's call-in policy.  Under the call-in policy, an employee could be terminated "for failing to call in three (3) days in twelve (12) months."  Thompson had violated that policy on seven occasions in the twelve months leading up to her termination.[2]  According to Thompson, CenturyTel violated the FMLA by failing to provide Thompson with written notice of the applicable call-in policy each time she requested FMLA leave.  As a result, Thompson contends that confusion arose as to whether she should call in daily or weekly.   It is true that the FMLA requires employers to give employees

---

[2]In 2007, Thompson failed to call in on April 30, November 17, November 20, and November 21.  In 2008, Thompson failed to call in on January 31, February 1, and February 2.

written notice of their rights and responsibilities under the FMLA.  29 C.F.R. 825.300(c)(1) (2009).

However, call-in policies are not covered by the notice requirement.  "The notice of rights and responsibilities may include other information–e.g., whether the employer will require periodic reports of the employee's status and intent to return to work–but is not required to do so."  29 C.F.R. 825.300(c)(2).  Under the FMLA, CenturyTel was not required to give Thompson written notice of its call-in policy and procedures each time she took FMLA leave.  Because CenturyTel would have terminated Thompson's employment for failing to abide by its call-in policy, irrespective of whether Thompson requested FMLA leave, CenturyTel is entitled to summary judgment on Thompson's interference claim.

CenturyTel is entitled to summary judgment on Thompson's retaliation claim for much the same reason.  Under the retaliation theory, an employer may not consider "an employee's use of FMLA leave as a negative factor in an employment action."  *Hite v. Vermeer Mfg. Co.*, 446 F.3d 858, 865 (8th Cir. 2006) (citing *Darby v. Bratch*, 287 F.3d 673, 679 (8th Cir. 2002)).  An employee can prove retaliation through circumstantial evidence using the *McDonnell Douglas* burden-shifting analysis.  *Smith v. Allen Health Sys., Inc.*, 302 F.3d 827, 832 (8th Cir. 2002).  First, to establish a *prima facie* case of retaliation, Thompson must show (1) that she engaged in a statutorily protected activity; (2) that she suffered an adverse action subsequent to this activity; and (3) that there was a causal link between the protected activity and the adverse action. *Id.* (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03, 93 S. Ct. 1817, 1824, 36 L. Ed. 2d 668 (1973)).  Upon this showing, the burden shifts to CenturyTel to present a legitimate, non-discriminatory reason for Thompson's termination.  *Hite*, 446 F.3d at 865.  Once CenturyTel provides such a reason, the burden shifts back to Thompson to demonstrate that the stated reason was merely a pretext for

8

retaliation. *Id.* The employee must present evidence that "(1) creates a question of fact regarding whether [the defendant's] reason was pretextual and (2) creates a reasonable inference that [the defendant] acted in retaliation." *Id.* (quoting *Smith*, 302 F.3d at 833).

Even if Thompson established a *prima facie* case of retaliatory discharge, her claim would still fail because she has not demonstrated that CenturyTel's non-discriminatory reason for terminating her employment is merely pretext. *See Lewis v. Holsum of Fort Wayne, Inc.*, 278 F.3d 706, 711 (7th Cir. 2002) (finding that an employer who fired an employee for failing to follow its call-in policy was entitled to summary judgment on the employee's retaliation claim). According to CenturyTel, it terminated Thompson's employment because she failed to follow the company's call-in policy seven times in a twelve-month period. Although an employee can prove pretext in several ways,[3] Thompson offers no evidence to suggest that CenturyTel's proffered reason is pretext for retaliation. As a result, CenturyTel is entitled to summary judgment on Thompson's retaliation claim.

**B.      Fair Labor Standards Act**

CenturyTel argues and Thompson concedes that Thompson's claim for unpaid overtime is barred by the FLSA's statute of limitations. Any action brought under the FLSA "shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of

---

[3]An employee can prove pretext in several ways. First, the employee can show that the employer's proffered explanation has no basis in fact. . . . Also, the employee can prove pretext by showing that the employer varied from its normal policy or practice to address the employee's situation. . . . If the employee presents strong evidence of a *prima facie* case, then such evidence may establish pretext.

*Hite*, 446 F.3d at 867.

action accrued." 29 U.S.C. § 255(a).  A cause of action "accrues" under the FLSA when an employer fails to pay the required compensation for any workweek at the regular pay day for the period in which the workweek ends.  *Mid-Continent Petroleum Corp. v. Keen*, 157 F.2d 310, 316 (8th Cir. 1946).  An employee "commences" a cause of action under the FLSA when she files her written consent with the court if the employee's name does not appear on the complaint.  29 U.S.C. § 256(b).

In her complaint, Thompson alleged that CenturyTel failed to compensate her for overtime work that she performed while she worked in the Cabot store prior to October 9, 2005.  Thompson commenced this action by filing the complaint in the Circuit Court of Pulaski County, Arkansas, on November 5, 2008.  Given that more than three years passed between the time Ms. Thompson's cause of action accrued and the time it commenced, Thompson's FLSA action is time-barred, and CenturyTel is entitled to summary judgment on her FLSA claim.

## CONCLUSION

CenturyTel's motion for summary judgment is GRANTED.  Document #15.  Thompson's motion for partial summary judgment is DENIED.  Document #12.

IT IS SO ORDERED this 7th day of October, 2009.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

10